ED GOODALL V. STATE

No. 26,950. May 12, 1954
Appellant's Motion for Rehearing Denied
(Without Written Opinion) June 23, 1954

*Sam L. Harrison*, San Antonio, for appellant.

*Austin F. Anderson*, Criminal District Attorney, *Anthony Nicholas, Jr.*, Assistant Criminal District Attorney, San Antonio, and *Wesley Dice*, State's Attorney, Austin, for the state.

BELCHER, Judge.

The offense is unlawfully carrying a pistol; the punishment, eight months in jail.

The state claims that the statement of facts filed herein should be stricken because it was not filed within the time required by law. The statute prescribes that the time for filing a statement of facts is calculated from the date of giving notice of appeal. We find that the statement of facts in this case was filed with the clerk of the trial court within ninety days after the date notice of appeal was given, which is within the time required by law. Art. 759a, Sec. 4, Vernon's Ann. C.C.P.

The state's testimony shows that appellant did, on the date in question, in Bexar County, Texas, unlawfully carry on and about his person a pistol.

Appellant's defense, raised by his testimony, was that he was carrying the pistol from his place of business to his residence.

This defense was fairly and adequately submitted to the jury, which issue was resolved against appellant.

We find the evidence sufficient to sustain the conviction.

Appellant, in his brief, urges error because of an illegal search of his person and his automobile which disclosed the pistol in question. There is testimony in the record by the arresting officer showing the carrying of the pistol as alleged without objection, thus no error is shown.

Appellant contends that the court erred in admitting evidence of his marital status and evidence of his business dealings with his wife.

The record reveals that after some objection concerning the above matter appellant's attorney said "Go ahead, tell them when you got married and who you married." There is considerable testimony in the record about business dealings between appellant and his wife without objection. No error is here reflected.

There are no formal bills of exception. We have examined each of appellant's remaining informal bills of exception and are of the opinion that reversible error is not shown.

The judgment of the trial court is affirmed.

Opinion approved by the Court.