## BILLY KILLINGSWORTH V. STATE

No. 29,201. November 6, 1957.

No attorney for appellant on record on appeal.

*Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The offense is the unlawful possession of heroin, a narcotic drug; the punishment, 10 years in the penitentiary.

The state's testimony shows that the appellant and his companion, Johnny Dupree, while traveling in an automobile through the city of Granbury, were stopped and arrested by Officers Richards and Connally of the Narcotics Division of the

State Department of Public Safety. Upon being stopped, Dupree, the driver, stated to the officers that the automobile belonged to him and gave them his permission to search it.

In searching the automobile, the officers found in the heater blower underneath the hood a small package containing a Mexican cigarette package inside of which were nineteen small packages of white powder wrapped in yellow cellophane and also found a prophylactic rubber containing approximately one ounce of white powder. The white powder, upon being examined in the laboratory of the Texas Department of Public Safety, was found to be heroin.

The testimony further shows that, prior to their arrest, the appellant and his companion, Dupree, had been under surveillance of the two officers for four days which began in the city of Fort Worth after Officer Richards had received information that they were going after a load of narcotic drugs. While under surveillance, appellant and Dupree left Fort Worth in the automobile, drove to the city of Laredo, and were followed by the officers. During the ensuing three days appellant and his companion were kept under observation by the officers as they went from place to place and other towns, including the town of Zapata, and it was after they had left Laredo in the automobile and were being followed and observed by the officers that they were stopped and arrested.

Appellant's written confession was introduced in evidence without objection in which he admitted going from Fort Worth to Zapata, Texas, with his companion, Dupree, to get some heroin and stated that though he did not buy the heroin he knew that they had the heroin with them when stopped by the officers and that he had an interest in it.

Appellant did not testify or offer any evidence in his behalf.

The case was submitted to the jury under a charge on the law of principals and we find the evidence sufficient to sustain its verdict.

The record presents certain informal bills of exception to the court's ruling on the admission of testimony.

Appellant objected to that portion of the testimony of Officer Richards that he had received reliable information that the

appellant and his companion were going after a load of narcotic drugs on the ground that it was hearsay. Although the testimony was hearsay, such type of testimony is admissible to show probable cause for a search without a warrant. 37-B Texas Jur. (Rev.) 537, Sec. 73. Weaver v. State, 117 Texas Cr. Rep. 335, 38 S.W. 2d 85. While the hearsay testimony should not have been admitted before the jury under the well recognized rule that where the facts relied upon to show probable cause are uncontroverted their sufficiency becomes a question of law for the court and not an issue for the jury, the admission of such testimony does not require a reversal of the case. The officer's testimony that he had information that appellant and his companion were going after a load of narcotic drugs could not have injured the appellant in view of his written statement, the voluntary nature of which was not questioned, that he and his companion made the trip to secure heroin and the other testimony in the case clearly showing his guilt. Therefore no reversible error is shown. Griffith v. State, 119 Texas Cr. Rep. 237, 46 S.W. 2d 1007.

Numerous objections appear in the record to the testimony relative to the search of the automobile and of the finding of heroin therein. We need not pass upon these objections for the reason that they were waived by the appllant when the heroin was introduced in evidence without objection. Wyatt v. State, 162 Texas Cr. Rep. 134, 282 S.W. 2d 392 and Outley v. State, 162 Texas Cr. Rep. 314, 284 S.W. 2d 356.

The remaining objections appearing in the record have been considered and do not reflect error.

The judgment is affirmed.

Opinion approved by the Court.