**Manuel TORRES, Appellant,**

v.

**STATE of Texas, Appellee.**

No. 30670.

Court of Criminal Appeals of Texas.

May 6, 1959.

Clyde Gordon, Jr., Houston, for appellant.

Dan Walton, Dist. Atty., Thomas D. White, Samuel H. Robertson, Jr., and Jon N. Hughes, Asst. Dist. Atty., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Presiding Judge.

The offense is the sale of marijuana; the punishment, ten years.

Officer Goodnight of the narcotic division of the Houston police department testified that, while working undercover on the day in question, he was introduced to the appellant, that the appellant asked if he had any marijuana, and when he replied in the negative the appellant asked him if he wanted any and he stated that he wanted $2 worth. Whereupon, the appellant took a bundle of cigarettes from his pocket and delivered him four.

It was established by the testimony of a chemist that the cigarettes so delivered contained marijuana.

Appellant, testifying in his own behalf, admitted delivering the four cigarettes to Goodnight but stated that he had taken Goodnight's money and had bought the cigarettes from someone else as an accommodation to Goodnight, who had talked him into getting the same for him.

Goodnight was called in rebuttal and testified that he had purchased four other marijuana cigarettes from the appellant earlier in the same day.

· It is the admission of this testimony concerning another illegal transaction of which the appellant complains, contending that it constituted an extraneous transaction which was not shown to have eventuated in a conviction.

■ ■ When the appellant testified as he did that he had purchased the four marijuana cigarettes and delivered them to Officer Goodnight only because of Goodnight's insistence and as a favor to him, then proof of other sales to Goodnight became admissible in rebuttal. Watson v. State, Tex.Cr.App., 301 S.W. 2d 651. When appellant's testimony made such evidence admissible, any error that might have been committed was waived. Simons v. State, Tex.Cr.App., 317 S.W.2d 740.

Finding no reversible error, the judgment of the trial court is affirmed.