## DENNIS EWING WATSON V. STATE

No. 34,428.   March 21, 1962
Appellant's Motion for Rehearing Overruled May 2, 1962

No attorney for appellant of record on appeal.

*Frank Briscoe,* District Attorney, *Carl E. F. Dally, Robert E. Delany,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

McDONALD, Judge.

The offense is robbery by assault with two prior convictions for felonies less than capital alleged for enhancement under Art. 63, V.A.P.C.; the punishment, life.

Mrs. Peggy Joan White, wife of the complaining witness, testified that about 8:55 P.M. on the night of June 10, 1961, she was present at the One Stop Grocery where her husband had

part time employment; that she observed appellant "* * * with a gun in his hand, holding up the store"; that she later identified appellant at a police line-up as the one who committed the holdup.

Dage A. White, the complaining witness, testified that he was employed part time at the One Stop Grocery and was present on the night of June 10, 1961; that about 8:55 P.M., appellant came in the store with a gun in his hand and said "This is a holdup," "Put all the money in a sack," to which he replied, "Is this a joke?"; that appellant then said, "It's no joke" and White, after observing that the gun was real, said "Okay"; that about $150 in money was taken, which was under his care, custody and control, without his consent; that he identified appellant at a police line-up as the one who held him up. The witness identified State's Exhibit No. 3 as the pistol which appellant used in the holdup.

B. K. Johnson, a detective in the Robbery Division of the Houston Police Department, testified that he arrested appellant on June 11, 1961, around 9:35 P.M. as he was attempting to start his automobile; that such arrest was based upon information received from a credible person; that a search revealed a pistol, known as a "Side-Kick", loaded with 9 cartridges in the automobile and $129 in money upon appellant's person, that after the arrest, appellant, at the police station made and signed a written statement, after proper warning, which was introduced in evidence by the State, admitting the robbery. The witness further testified that no threats of bodily harm were made to appellant. Detective Johnson was corroborated upon this last point by Officer C. V. Stone of the Robbery Division of the Houston Police Department, a witness to appellant's written statement.

Appellant, testifying as a witness in his own behalf, denied committing the holdup, repudiated his written statement and stated that the statement was obtained through threats of bodily harm. He further testified that he wasn't given an opportunity to read the statement prior to affixing his signature thereto. Appellant stated that the pistol found in the car wasn't his, but that it had been in his possession for at least 24 hours prior to his arrest and that the money found was part of the commission he received for his work as a salesman.

The jury resolved the disputed issue of appellant's guilt against him and we find the evidence sufficient to sustain their verdict.

Several informal bills of exception appear in the statement of facts and one formal bill of exception appears in the transcript.

The formal bill of exception questions the legality of the arrest on several grounds and it is urged that the pistol obtained in the search of the automobile at the time of the arrest was inadmissible.

An examination of the record reflects that when the pistol was identified by the State's witness, Dage White, and offered in evidence the following transpired:

"Q. I hand you here what has been marked as State's Exhibit No. 3 and I will ask you if you have ever seen that before? A. Yes.

"Q. And where did you see it? A. At the store.

"Q. Is this the gun that Dennis Ewing Watson had the night of the holdup? A. Yes, it is.

"Mr. Delany: The State would offer into evidence at this time, the pistol, as State's Exhibit No. 3.

"The Court: Hand it to the defense.

"Mr. Maynard: There is no objection, your Honor.

"The Court: All right.

"State's Exhibit No. 3 is admitted without objection."

The objections as to the legality of the arrest need not be passed on for the reason that they were waived by appellant when the pistol was introduced in evidence without objection. Goodall v. State, 160 Texas Cr. Rep. 311, 268 S.W. 2d 666; Wyatt v. State, 162 Texas Cr. Rep. 134, 282 S.W. 2d 392; Outley v. State, 162 Texas Cr. Rep. 314, 284 S.W. 2d 356; Killingsworth v. State, 165 Texas Cr. Rep. 286, 306 S.W. 2d 715; Gonzales v. State, 320 S.W. 2d 837 and Phillips v. State, 328 S.W. 2d 873.

Finding no reversible error, the judgment is affirmed.