JOHN BOYKIN, JR. V. STATE

No. 35,053.   November 28, 1962.

*Tom Sanders, Joe J. Newman*, both of Houston, for appellant.

*Frank Briscoe*, District Attorney, Houston, and *Leon Douglas*, State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is carrying a pistol, as a second offender; the punishment, six months in jail.

The witness Tucker testified that on the night in question appellant cut his automobile in front of the one the witness was driving; that when the two automobiles came to a halt at a hamburger stand appellant stepped out, approached the witness's automobile, pointed a pistol at him and threatened to kill him. He stated that he hurriedly left the stand, called the police and accompanied them to appellant's home; that as they arrived appellant was "backing up on the sidewalk in his automobile", and

that the officers recovered the pistol from inside appellant's automobile.

Officer Collins testified that he and his partner Defoor accompanied Tucker to appellant's home and, when they arrived, he observed appellant's automobile "had just pulled up on the yard", that his partner Defoor searched the same and recovered the pistol in question.

The prior conviction was established.

Appellant and his wife testified that there had been no display of a pistol at the hamburger stand and that the pistol which the officers found had just been handed to him by his mother after he drove up into the yard. His mother corroborated the latter portion of his testimony.

The jury accepted the State's version of the affair, and we find the evidence sufficient to support the conviction.

The sole question presented for review is the alleged illegality of the search of appellant's automobile. During the course of the testimony of officers Collins and Defoor, objections were made to their testimony concerning the finding of the pistol but, when the pistol itself was offered in evidence while officer Collins was testifying, the sole objection was as follows: "Your honor, we are going to object to this officer—I think it is admissible from the other witness, but not from this one." Clearly, this objection did not raise the question now urged in this Court. We had a similar situation before this Court recently in Killingsworth v. State, 165 Texas Cr. Rep. 286, 306 S.W. 2d 715, and there we said:

"Numerous objections appear in the record to the testimony relative to the search of the automobile and of the finding of heroin therein. We need not pass upon these objections for the reason that they were waived by the appellant when the heroin was introduced in evidence without objections. Wyatt v. State, 282 S.W. 2d 392, and Outley v. State, 284 S.W. 2d 356."

While it is true that at the conclusion of Collins' testimony appellant did ask that the evidence concerning the finding of the pistol be withdrawn, there was no request that the pistol itself be stricken as evidence.

Having failed to properly object to the fruits of the search, appellant must be held to have waived any question thereto.

Finding no reversible error, the judgment of the trial court is affirmed.