Larry Orlan STROM, Appellant,

v.

The STATE of Texas, Appellee.

No. 36550.

Court of Criminal Appeals of Texas.

Feb. 12, 1964.

Rehearing Denied April 29, 1964.

Bill W. Bailey, Dallas, Phil Burleson, Dallas (On Appeal Only), for appellant.

Henry Wade, Dist. Atty., C. M. Turlington, Asst. Dist. Atty., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is the possession of mari-huana; the punishment, 30 years.

Officer Carroll of the Special Services Bureau of the Dallas Police testified that an automobile which was proceeding ahead of his police car made a sudden stop and sharp left turn in the middle of the block without giving any signal of intention to turn as required by the City Ordinances introduced in evidence and by the State Statute, that he gave pursuit and followed the automobile around the back of an apartment house and thence into the street again where he signalled for it to halt. He stated that as he approached the automobile, appellant, who was the passenger, was chewing and attempting to swallow, and that he observed green particles on his lips, which his four and a half years experience with the Narcotic Bureau lead him to believe were marihuana. He testified that he secured from appellant's mouth a plant substance which appeared to be marihuana, placed it in a cellophane bag, and placed appellant and his companion under arrest.

The chain of custody was shown, and Dr. Mason, a chemist and biochemist, testified that the cellophane bag contained mari-huana. Lt. Alexander testified that he weighed the marihuana and that it weighed 2,289 grams or 30 grains. Officer Carroll testified that a normal marihuana cigarette contained two or three grains.

Appellant did not testify, but called his companion Darrell Williams, who stated that he had given a hand signal before turning. On cross examination he stated that while he did not see appellant put the marihuana in his mouth, he did see Officer Carroll get it out.

 The sole question presented is the existence of probable cause for the arrest. Under the holdings of this Court in Watson v. State, 172 Tex.Cr.R. 274, 355 S.W.2d 533; Flores v. State, 167 Tex.Cr.R. 91, 318 S.W.2d 663; and Killingsworth v. State, 165 Tex.Cr.R. 286, 306 S.W.2d 715, the question is not before us for consideration because when the marihuana was offered in evidence through the witness Dr. Mason, appellant's counsel stated, "No objection". We decline appellant's suggestion that we overrule such recent opinions. Further, appellant's own witness Williams stated that he saw the officer get it from appellant's mouth. 5 Tex.Jur.2nd 444–447, p. 697 et seq., and authorities there cited.

Finding the evidence sufficient to support the conviction and no reversible error, the judgment is affirmed.