**Lew Arnold KANAZIZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 36520.**

Court of Criminal Appeals of Texas.

June 10, 1964.

Rehearing Denied Oct. 21, 1964.

Joe E. Turner, T. M. Reardon, Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, James C. Brough and Frederick M. Stover, Asst. Dist. Attys. Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is robbery by assault with a prior conviction for an offense of like character alleged for enhancement; the punishment, life.

The injured party McGinty was threatened at gun point and surrendered a number of his personal belongings. Appellant was arrested the following day and positively identified by McGinty. Some of McGinty's belongings were found in his automobile and others were traced to him. The prior conviction was established. Appellant did not testify or offer any evidence

in his own behalf. We shall discuss the contentions advanced by brief and in argument.

■ Appellant first contends that the court erred in failing to quash the second paragraph of the indictment against him on the grounds that the conviction therein set forth (larceny from the person alleged to have been committed in the State of Michigan) was not an offense of like character to the offense of robbery by assault charged in the first paragraph; and was therefore not usable for enhancement under Article 62 Vernon's Ann.P.C. Larceny and theft are substantially the same offense. Shannon v. State, 170 Tex.Cr.R. 91, 338 S.W.2d 462. Robbery by assault and felony theft are offenses of the same nature. Dickey v. State, 162 Tex.Cr.R. 322, 336 S.W.2d 165, and Thompson v. State, 170 Tex.Cr.R. 258, 339 S.W.2d 209. The State properly introduced Section 28.589 of the Code of Criminal Procedure of the State of Michigan Comp.Laws Mich.1948, § 750.357, showing that larceny from the person is a felony in that state. We hold that as a matter of law theft (or larceny) from the person is an offense of the same nature as robbery by assault and overrule appellant's first contention.

■ He next asserts that the court erred in admitting in evidence a copy of the sentence, commitment and the prison records containing appellant's fingerprints from the State of Michigan. Each document is certified by the Supervisor of Records of the State's prison of Southern Michigan. The Judge of the Circuit Court of Jackson County, Michigan, where the prison and its records are located, certified as to the identity of the Supervisor of Records, and the clerk of the Circuit Court of Jackson County, Michigan, certified as to the identity of the Judge. This we deem to be in strict compliance with the terms of Article 3731a V.A.R.C.S. We find no merit in appellant's contention that the sentence and commitment should have been attested by the clerk of the convicting court.

■ Appellant's last contention is that the court erred in admitting the fruit of the search of appellant's automobile. Though repeated objections were made to testimony concerning the search, each item in question was admitted in evidence without objection, hence, no question is presented for review. Boykin v. State, 172 Tex.Cr.R. 652, 362 S.W.2d 328; Watson v. State, 172 Tex.Cr.R. 274, 355 S.W.2d 533; and Killingsworth v. State, 165 Tex.Cr.R. 286, 306 S.W.2d 715.

Finding the evidence sufficient to sustain the conviction and no reversible error, the judgment is affirmed.