**Perry James LeBLANC, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 41069.**

Court of Criminal Appeals of Texas.

Feb. 21, 1968.

Charles W. Gill, Houston (on appeal only), for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Allen L. Stilley, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The offense is Burglary; the punishment enhanced under the provisions of Article 63, Vernon's Ann.P.C., life.

Trial was before the court without the intervention of a jury upon appellant's plea of not guilty. A written stipulation as to the two prior convictions for burglary alleged in the indictment for enhancement was entered into by the appellant, his attorney and the prosecutor. Said stipulation was in accordance with the requirements of Article 1.15, Vernon's Ann.C.C.P., as to such stipulations where a jury is waived in non-capital felony cases and the case is heard before court regardless of the plea entered.

At the outset appellant challenges the sufficiency of the evidence to sustain his conviction as to the instant offense, particularly because the state relied in part upon fingerprints found at the scene of the burglary. He contends there is no evidence to show the prints were not there prior to the time of the alleged burglary.

Houston Police Department officers testified that they made an investigation of a burglary alleged to have occurred in the City of Houston on April 23, 1965, at an apartment on the second floor of a building. Entry was gained by throwing a rock through the front window of the apartment, climbing up on a ledge and raising the broken window. The owner, Louis Green, had departed for a weekend visit to Louisiana at the time of the burglary. Appellant and Green were friends and worked across the street from each other, but Green testified he did not give the appellant consent or permission to break and enter the apartment. There is no evidence that the appellant ever visited Green in his apartment, or was seen there prior to the date of the burglary.

Officer Forrest Perry of the Houston Police Department testified that the prints which were lifted from the broken windowpane were placed there after the rock was thrown because the prints were split on either side of the jagged glass still in the window frame. After describing the position of the prints he related that "it would have been impossible to have gotten those prints on the broken glass before the hole was knocked in it." A fingerprint expert testified that he compared the fingerprints lifted from the jagged glass with fingerprints taken from appellant on the day of his arrest and that they were identical.

A 17-inch television set taken at the time of the burglary was recovered from the residence of the appellant three days after the alleged burglary.

Testifying in his own behalf, appellant denied the burglary and stated he purchased the television set from a person known to him only as "Yickyboo" who frequented the "Bloody Fifth" Ward in Houston. He admitted seeking the help of a juvenile in carrying the portable television set in question home after his purchase, but denied that he was carrying at the time a shotgun and items reported to have been stolen at the time of the burglary.

■ No objection was made to the fingerprint expert testifying that fingerprints found on the windowpane and examined by him corresponded to those of appellant's. On cross-examination of the officer Perry who had lifted the prints appellant himself established that a partial thumbprint was taken from the outside and two or three partial fingerprints were taken from the inside of the jagged glass remaining in the window frame. Further, appellant on cross-examination of this officer brought out the testimony quoted above that the fingerprints lifted could not have been placed on the glass until after it had been broken with a rock. In this respect the facts of the case at bar are identical in principle with those in Grice v. State, 142 Tex.Cr.R. 4, 151 S.W.2d 211. The evidence is sufficient to show that the finger-

prints were not placed on the windowpane prior to the alleged burglary.

The evidence being sufficient to sustain the conviction, appellant's first ground of error is overruled.

Appellant next complains that the trial court erred in admitting into evidence testimony as to the recovery of the television set from appellant's home as a result of an unreasonable search and seizure without either an arrest or search warrant.

Officer R. L. Sieckmann, Jr. testified on direct examination without objection that he had recovered the television set from appellant's home. On cross-examination Sieckmann related that on April 26, 1965, appellant invited him and other officers into his home and that once inside they observed the television set "in open view" on a chest of drawers.

Appellant himself testified "I let them into the living room and they asked about the television set that I was supposed to have bought that Friday. And so, I told them I would get it for them, and I went to the bedroom to get it and they followed me * * *."

Appellant claimed in his testimony the officers searched his house, but there is no showing or even any claim that the television set was not in open view and was recovered as a result of a search of appellant's home.

 Appellant is correct that a waiver of constitutional immunity from unreasonable search and seizure could not be inferred from the acts of an accused in admitting police officers into his home in compliance with their request for an interview. Robertson v. State, Tex.Cr.App., 375 S.W. 2d 457; Johnson v. United States, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436.

 Here that rule has no application where after the invitation to enter was given, the officers seized only the television set which was in open view and did not recover the same by result of any search. Isaac v. State, Tex.Cr.App., 421 S.W.2d 661; see Galloway v. State, Tex.Cr. App., 420 S.W.2d 721; Coronado v. State, 167 Tex.Cr.R. 206, 319 S.W.2d 104; 51 Tex.Jur.2d, Searches and Seizures, p. 685, Sec. 15. Cf. Nichols v. Commonwealth, 408 S.W.2d 189 (Ky.).

 If the television set was in fact recovered as a result of a search, the appellant having failed to properly object to admission of such testimony into evidence waived any question as to the alleged illegality of the search. Boykin v. State, 172 Tex.Cr.R. 652, 362 S.W.2d 328; Gonzales v. State, Tex.Cr.App., 379 S.W.2d 352, cert. den. 380 U.S. 981, 85 S.Ct. 1346, 14 L.Ed.2d 274.

Appellant's second ground of error is without merit.

The judgment is affirmed.