**James Roland BROWN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43071.**

Court of Criminal Appeals of Texas.

Sept. 23, 1970.

Levi N. Curl, Dallas, for appellant.

Henry Wade, Dist. Atty., John B. Tolle, Harry J. Schulz, Jr., W. T. Westmoreland, Jr., and Edgar A. Mason, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

BELCHER, Judge.

The offense is felony embezzlement of forks and spoons. The indictment alleged that appellant was the agent, servant and employee of Jack W. Crowe and that he did fraudulently embezzle, misapply and convert to his own use, without the consent of said Jack W. Crowe, said property which had come into the possession and was under the care of appellant by virtue of his employment as such agent, servant and employee.

Trial was on August 30, 1967, before a jury on a plea of not guilty. The jury

found appellant guilty and the court assessed the punishment at 5 years confinement in the penitentiary.

The record on appeal and accompanying briefs were filed in this court April 20, 1970.

The court charged on circumstantial evidence. Appellant's first ground of error presents the contention that the evidence is insufficient to meet the requirements of the law of circumstantial evidence and does not support the conviction.

The evidence, including the testimony elicited by the defense and by the State on cross-examination of defense witness John L. Brown, reflects the following:

On the night of January 9, 1967, appellant was in charge of the dishwasher at a Royal Coach Inn in Dallas as an employee of Jack Crowe, food and beverage director, and was in charge of the other employees in the dishroom. Appellant was given several boxes of silverware to be taken to the washroom and run through the dishwasher to be put into service. The forks and spoons described in the indictment, of the value of more than $50.00, packed in the original containers, which appellant and his fellow employees were to put in the dishwasher, were instead carried out in the trash and then put into the trunk of an automobile. Appellant had the keys to this automobile and was driving it when it was stopped by Dallas Patrolman J. M. Rodriguez about 1:20 A.M. the same night. According to Patrolman Rodriguez, he asked appellant what he had in the trunk and appellant said "silverware." He requested appellant to open the trunk and he unlocked it. He asked the other occupants about the silverware and they each stated that they didn't know anything about it, they were just getting a ride home with appellant.

According to Officer Rodriguez, appellant stated that the silverware was a present for his mother and that his sister and brother had bought it at a jewelry store down town, and stated that he could not remember the name of the jewelry store.

The contention that the evidence is insufficient to sustain the conviction is overruled.

Ground of error No. 2 presents the contention that appellant's arrest by Patrolman Rodriguez for a traffic violation was a mere pretext to search the automobile and its occupants and was unlawful; and his remaining ground of error is that the search of his automobile was without his consent; without a search warrant; not incident to a lawful arrest and not justified by any unusual circumstances; that the search violated his constitutional rights; was unlawful and unreasonable and rendered inadmissible the fruits of the search, and that the admission of such evidence was reversible error.

The interesting question raised by these two grounds of error passed out of the case by the testimony elicited by the defense and by the State without objection from the defense witness Johnny Lewis Brown, 14 year old brother of appellant, who was one of the dishwashers and one of the occupants of the car. Johnny testified that he and Earl Roberts, also a dishwasher and an occupant of the car, were told by Robert Coleman to put the silverware that was to be washed in the trunk of the car, and that they did so because Coleman told Johnny if he didn't put it in the trunk of the car he was going to cut him with a knife which he showed him.

Johnny further testified that appellant did not know the silverware was in the trunk of the car, and he did not hear him tell the officer that it was a present for his mother. Such testimony, if true, exonerated appellant and placed the guilt on Coleman. However, any objection which appellant might have to the admission of evidence of the fruits of the search was waived when appellant's own witness, Johnny Lewis Brown, testified to the same facts as those to which appellant objected. Any objection to evidence is waived when

the same evidence is introduced by another witness without objection or by the defendant's own witness, or when the same evidence is elicited by defendant's own trial counsel. Tomlinson v. State, 163 Tex.Cr. R. 44, 289 S.W.2d 267; Strom v. State, Tex.Cr.App., 377 S.W.2d 649; Rogers v. State, Tex.Cr.App., 420 S.W.2d 714; Davis v. State, 168 Tex.Cr.R. 588, 330 S.W.2d 443; Flores v. State, 167 Tex.Cr.R. 91, 318 S.W.2d 663; Vasquez v. State, Tex.Cr. App., 371 S.W.2d 389; Gonzales v. State, Tex.Cr.App., 389 S.W.2d 306.

Appellant's grounds of error numbers two and three are overruled.

The judgment is affirmed.