**Charles Eugene GREER, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 43921.

Court of Criminal Appeals of Texas.

June 9, 1971.

Rehearing Denied July 28, 1971.

A. W. Salyars, Lubbock, for appellant.

Blair Cherry, Jr., Dist. Atty., Lubbock, and Jim. D. Vollers, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is burglary; with a prior conviction for an offense of the same nature alleged for enhancement; the punishment, twelve (12) years.

Appellant filed a motion in limine asking that the State be ordered not to make proof of other offenses which occurred near the time of the offense charged. The Court held the motion in abeyance until the facts were developed. The State made no mention of any other offense until after the appellant testified that he had not burglarized the building in which he was apprehended by the arresting officer. On cross-examination he was asked if he had not broken into three other places that same night. No objections were interposed to such questions. Appellant answered in the negative and stated that the only place that he and his companion had gone on that night was to a liquor store. The State was then permitted to prove that the owner of another place of business, which had been broken into the same night, recovered his missing property from the automobile in which the appellant admitted riding that night.

Without relying upon appellant's failure to object, we conclude that since the appellant testified as he did, evidence of other burglaries became admissible to show intent under the rule announced in Torres v. State, 168 Tex.Cr.R. 106, 323 S.W.2d 952 and the cases there cited.

 Appellant's next grounds of error relate to the court's charge. We find no objections to the charge; therefore, nothing is presented for review. Johnson v. State, Tex.Cr.App., 423 S.W.2d 318.

We find no objection to the evidence concerning the search of the automobile in question and, therefore, there is nothing before us for review. Boykin v. State, 172 Tex.Cr.R. 652, 362 S.W.2d 328.

Finding the evidence sufficient to sustain the conviction and no reversible error appearing, the judgment is affirmed.