**H. L. NORTHCUTT, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 44639.

Court of Criminal Appeals of Texas.

March 8, 1972.

Rehearing Denied May 3, 1972.

James H. Miller, Dallas, for appellant.

Henry Wade, Dist. Atty., W. T. Westmoreland, Jr. and Robert Baskett, Asst. Dist. Attys., Dallas, and Jim. D. Vollers, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is robbery by assault; the punishment, twenty-two and one-half (22½) years.

The record reflects that D. W. Chapman testified that at approximately 11:30 P.M.

on April 23, 1967, appellant and another man drove into the service station where he was the attendant on duty. When Chapman asked if he could help them, the man on the passenger side displayed a rifle and said, "You damn right, get in and open the cash register." Appellant, the driver of the car, then got out and kept a lookout on the service road.

Wielding the rifle, the other man entered the service station, took all the money from the cash register and ordered Chapman into the back seat of the car where he demanded his wallet and took $8.00 from it. After driving 200–300 yards from the station, they turned off their lights and let Chapman out of the car and drove away.

Deputy Sheriff, J. R. Webb, testified that he and several other deputies went to 854 Laramie Lane, a private residence. Webb stated he identified himself to appellant, who answered the door, informed him that he was under arrest on an outstanding arrest warrant, and entered the premises with appellant's permission. Webb said he asked appellant the whereabouts of Choice Lee Smith, his alleged accomplice, and was told Smith was "in the back bedroom." Proceeding to the rear bedroom, the officers arrested Smith and seized a .22 rifle standing by the bed. After finding the gun, the officers asked for and received permission to search the house and found two shotguns.

Appellant did not testify or offer any evidence in his own behalf.

■ Appellant claims that the trial court erred in admitting the .22 rifle into evidence because it was the product of an illegal search. The record reflects that appellant did not object to its introduction into evidence but affirmatively stated he had no objections to its introduction. This Court has consistently held that where appellant does not properly object to the introduction of evidence as being the fruit of an illegal search, he waives any question as to the alleged illegality of the search. Boykin v. State, 172 Tex.Cr.R. 652, 362 S.W.2d 328; LeBlanc v. State, Tex.Cr.App., 424 S.W.2d 434; Killingsworth v. State, 165 Tex.Cr.R. 286, 306 S.W.2d 715; Outley v. State, 162 Tex.Cr.R. 314, 284 S.W.2d 356.

■ Appellant's second complaint is that the evidence is insufficient to support a conviction because Chapman's identification of appellant is too weak to justify the jury's reliance on it. Chapman made a positive in court identification of Northcutt stating that the service station area was well lighted and that he got a good look at the robbers. There was no pretrial lineup. The jury is the judge of the credibility of the witnesses and the weight to be given their testimony and, as in the case at bar, where there is sufficient evidence to support the conviction, their judgment is conclusive. Cain v. State, Tex.Cr.App., 467 S.W.2d 436; Murry v. State, Tex.Cr.App., 413 S.W.2d 117; Robertson v. State, Tex.Cr.App., 418 S.W.2d 678.

■ Appellant's last contention is that the court erred in permitting the State to reopen and present additional evidence after both sides had rested. It is well established that the court may "allow testimony to be introduced at any time before the argument of a cause is concluded, if it appears that it is necessary to a due administration of justice." Art. 36.02, Vernon's Ann.C.C.P.; Parks v. State, Tex.Cr.App., 437 S.W.2d 554; Berry v. State, Tex.Cr.App., 442 S.W.2d 713.

There is no reversible error.

The judgment is affirmed.