**Freddie D. FRANKLIN, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 44647.**

Court of Criminal Appeals of Texas.

March 22, 1972.

Rehearing Denied May 9, 1972.

Dan J. Anderson, Richardson, for appellant.

Henry Wade, Dist. Atty., John B. Tolle, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is robbery by assault; the punishment, life.

The record reflects that at approximately 9 A.M. on December 17, 1969, two men, wielding guns, entered the East Shop Drive-in Grocery in Irving, Texas and took $207.00 in cash and several other items including a radio. Both were apprehended later that day.

Appellant's first contention is that the court erred in admitting his oral confession. He claims there is no showing he was admonished concerning his constitutional rights or that he voluntarily and intelligently waived these rights.

The court held a hearing outside the presence of the jury to determine the legality and admissibility of appellant's oral confession. At that hearing, the arresting officer testified that he was present at approximately 3:15 P.M. on the afternoon of the robbery, and that appellant was specifically admonished by the magistrate concerning his constitutional rights, and that he affirmatively acknowledged he understood them. Detective Adamson testified that while he was questioning appellant, shortly after the appellant had appeared before the magistrate, appellant orally confessed his involvement in the robbery and that the information appellant supplied led to the recovery of the gun appellant used in the robbery as well as the radio. Appellant also took the stand outside the presence of the jury and denied making the confession but acknowledged he was admonished concerning his rights and that he understood them.

We deem the evidence sufficient to support the trial court's written findings that appellant was fully and properly advised of his constitutional rights, and waived the same, and that his oral confession was freely and voluntarily made. See St. Jules v. State, Tex.Cr.App., 438 S.W.2d 568.

Appellant's second ground of error is that the court failed to include any instructions concerning the voluntariness of his oral confession in its charge to the jury. Article 36.14, Vernon's Ann.C.C.P., requires that objections to the court's charge be presented to the court, in writing, before the charge is read to the jury. The record reflects that appellant did not comply with this provision and, consequently, did not properly reserve this point for review. Greer v. State, Tex.Cr.App., 468 S.W.2d 811; Freeman v. State, Tex.Cr.App., 464 S.W.2d 151; Johnson v. State, Tex.Cr.App., 423 S.W.2d 318.

Finding no reversible error, the judgment is affirmed.