Harold Lloyd **FINKLEA**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 45016.

Court of Criminal Appeals of Texas.

May 31, 1972.

Rehearing Denied July 19, 1972.

James P. Finstrom, Dallas, for appellant.

Henry Wade, Dist. Atty., James B. Scott, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

DALLY, COMMISSIONER.

The conviction was for the possession of marihuana; the punishment, assessed by a jury, life imprisonment.

■ The appellant's first ground of error is that "the words 'Against the peace and dignity of the State' have been stricken and dismissed from the indictment" rendering the indictment "void because it fails to comply with Article Five, Section 12 of the Constitution of the State of Texas, and Article 21.02, V.A.P.C."

The appellant was indicted under the provisions of Article 63, V.A.P.C. Two prior non-capital felony convictions were alleged in the second and third paragraphs of the indictment for the purpose of enhancing the penalty. Prior to trial the State filed a motion to "strike and dismiss the 2nd and 3rd paragraphs of the indictment and allow the State to proceed to trial on the remaining portion of the indictment." The motion was granted as reflected by the trial court's docket.

The appellant argues that the third paragraph was separated from the concluding words of the indictment "Against the peace and dignity of the State" by only a comma and that the quoted words were a part of the third paragraph which was stricken.

We do not construe the mandatory conclusion which was printed on the indictment form to be a part of the stricken paragraph alleging a prior conviction.

Striking the paragraphs alleging the prior convictions did not prejudice the rights of the appellant but were calculated to be beneficial to him. We do not see how the appellant was misled or harmed in any way. See Rodriguez v. State, 449 S.W.2d 469 (Tex.Cr.App.1970) and Robinson v. State, 415 S.W.2d 180 (Tex.Cr.App.1967).

The first ground of error is overruled.

Appellant's second ground of error complains that error was committed in admitting "Marihuana into evidence against appellant during this prosecution (Sic) was the result of an illegal arrest and search and seizure incident thereto."

■ There was no objection made when the marihuana, which had been thrown from the automobile and abandoned by the appellant, was offered into evidence. No error is presented. Slaughter v. State, 439 S.W.2d 836 (Tex.Cr.App.1969); LeBlanc v. State, 424 S.W.2d 434 (Tex.Cr.App. 1968); Gutierrez v. State, 423 S.W.2d 593 (Tex.Cr.App.1968); Boykin v. State, 172 Tex.Cr.R. 652, 362 S.W.2d 328 (1962) and Killingsworth v. State, 165 Tex.Cr.R. 286, 306 S.W.2d 715 (1957).

■ Further, it appears that there was probable cause for appellant's arrest, there was no search, the marihuana was abandoned and the seizure of the contraband was lawful.

The appellant was the passenger in an automobile which Gary Lynn Downs was driving on a street in Duncanville, Texas. Detective Hopgood stopped the automobile at approximately 12:30 or 1:00 p. m. for a traffic violation. Hopgood issued a citation to Downs for failure to give a signal when making a turn. When the automobile came to a stop Hopgood saw the appellant "very hastily" throw an object down beside the automobile into the gutter. Hopgood then notified his dispatcher by radio where he was and before he could get out of his vehicle the driver of the automobile came back to the patrol car. The driver inquired as to why he had been stopped. During this conversation with Downs and while they were walking toward the automobile, Hopgood observed that the appellant "kept looking back and he would turn back around and look back again like he was very nervous and, also, the driver was very nervous, too." At Hopgood's request Downs exhibited a "driver's" license as they continued to walk toward the automobile where the appellant was seated. The appellant "looked like he was trying to push or stomp a box down in the floorboard—or trying to get it up under the seat and, also, in the front seat beside the passenger (appellant) and the driver was a small box and inside the small box it had a purple narcotics seal across one of the small boxes."

Hopgood then ordered Downs and the appellant to stand outside and place their hands upon the automobile. He then radioed for assistance. Downs was handcuffed and placed in the patrol car. Lieutenant Hillard arrived at the scene and took charge of the appellant. Hopgood retrieved the object thrown from the automobile by the appellant. The object was a plastic bag wrapper for "Tastee Bread" and in it he found seven match boxes wrapped in foil. The match boxes contained what was proved to be marihuana.

Appellant's second ground of error is overruled.

■ The appellant's third ground of error complaining of the admitting into evidence "of capsules, pills and miscellaneous drugs and drug apparatus over appellant's objections that the same were not relevant" is without merit as the complained of objects were obtained at the same time of the arrest and of the abandonment of the marihuana by the appellant. Holman v. State, 474 S.W.2d 247 (Tex.Cr.App. 1971); Miller v. State, 469 S.W.2d 180 (Tex.Cr.App.1971); Beeler v. State, 374 S.W.2d 237 (Tex.Cr.App.1964), cert. denied, 379 U.S. 847, 85 S.Ct. 88, 13 L.Ed. 2d 51.

■ The appellant's fourth ground of error is that the court admitted the marihuana into evidence when a proper chain of custody had not been shown. There was no objection made when the marihuana was admitted in evidence.

Also, as we understand the record, Hopgood identified a match box containing marihuana as having come from the "Tastee Bread wrapper" and that it, along with other evidence, was delivered to Chief of Police McElroy. McElroy delivered the evidence to Anderson, a chemist and toxicologist, who analyzed and determined the nature of the evidence. He testified that State's Exhibit Number 4 was a match box containing marihuana.

We fail to perceive error and this contention is overruled.

■ A review of the complete record fails to reflect that the appellant received ineffective assistance of counsel at his trial as he alleges in his fifth ground of error.

In the punishment phase of the trial the State proved two prior felony convictions and offered proof that the appellant's reputation for being a law-abiding citizen was bad. This evidence was undoubtedly considered by the jury in assessing the appellant's punishment.

■ The appellant's pro se brief urges "The classification of marihuana in the Narcotic Drug Regulation Act, (Article 725b) V.A.P.C. with its attendant punishment and sentencing provisions is arbitrary and deprives the appellant convicted thereunder of equal protection of law as guaranteed by the Fourteenth Amendment to the Constitution of the United States and the Texas Constitution." This issue has been decided contrary to the contention of the appellant. See Sanders v. State, 482 S.W.2d 648 (1972) and the cases therein cited, including Reyna v. State, 434 S.W.2d 362 (Tex.Cr.App.1968).

The additional issues raised in appellant's supplemental pro se briefs have been considered and do not require further discussion.

The judgment is affirmed.

Opinion approved by the Court.