**Elmer Ray ROBINSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 47463.**

Court of Criminal Appeals of Texas.

Dec. 19, 1973.

Calvin v. Hartmann, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Allen McAshan, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

CORNELIUS, Commissioner.

Appellant was convicted of robbery by assault and assessed punishment at confinement for life. The sufficiency of the evidence is not challenged.

Two grounds of error are urged. The first contends that the trial court should have found that the officers did not have probable cause to arrest appellant without a warrant because there was no showing that the informant who gave the information leading to the arrest was credible or that the officers had sufficient grounds to believe him to be credible.

■ In passing upon this contention it is only necessary to observe that the State did not introduce any exhibit or other evidence obtained as a result of any search or seizure conducted incident to the arrest. Therefore, no error is presented. Brown v. State, Tex.Cr.App., 453 S.W.2d 171. There was evidence of the identification of appellant by the robbery victims, who were partners, at a police lineup which was conducted after the arrest, but this evidence was initially brought out by appellant's counsel, and not by the State. Furthermore, appellant made no objection at the time when the State went further into the matter on a later occasion. He did object later on the ground that the lineup was unfairly conducted and was "tainted" by the exhibition of photographs and other circumstances, but no complaint was made that it was inadmissible as the fruit of any illegal arrest until appellant moved for a mistrial near the end of the State's case.

■ Any objection which appellant may have had on this ground as to the admissibility of the evidence pertaining to the lineup was waived when the same was elicited by his own counsel, Brown v. State, Tex.Cr.App., 457 S.W.2d 917; Heltzel v. State, Tex.Cr.App., 462 S.W.2d 289; 56 T.J.2d Trial, Sec. 158, and when the State was allowed to pursue the same in detail

without objection. Garcia v. State, Tex. Cr.App., 440 S.W.2d 295; Satillan v. State, Tex.Cr.App., 470 S.W.2d 677; Boykin v. State, 172 Tex.Cr.R. 652, 362 S.W.2d 328; Kanaziz v. State, Tex.Cr.App., 382 S.W.2d 485. Ground of error number one is overruled.

■ In ground of error number two the appellant asserts that the trial court erred in finding that the lineup was properly and fairly conducted, because the totality of the circumstances showed that it was conducted under conditions which were suggestive and conducive to mistaken identification. Appellant's main argument here is that the guilty party wore a mustache, long sideburns, and a goatee when the crime was committed and appellant did not have these at the lineup, and that the two victims of the robbery viewed the lineup together. However, the identification of appellant by the partners was positive. Mr. Ararssi testified that he readily recognized the appellant at the lineup as soon as he saw him, and that he was not shown any photograph until after the lineup when he had already made the identification. He further testified that he would recognize the appellant anywhere, with or without the mustache, long sideburns and goatee. The testimony of Mr. Rabre, the other partner, was also positive. Both victims observed the robber at close range during the robbery. The lineup was conducted only one day after the robbery took place and upon appellant's written waiver of his right to counsel. While both parties observed the lineup at the same time, they did not converse with each other during the lineup; they were twelve to fifteen feet apart while the lineup was being conducted, and their identification of appellant by number was made by them separately after leaving the room where the lineup was conducted. All of these facts were developed by the careful trial judge in a hearing held outside the presence of the jury. We have reviewed the record and we find that appellant's contention in this regard is without merit. Williams v. State, Tex.Cr.App., 477 S.W.

2d 885; Doby v. State, Tex.Cr.App., 455 S.W.2d 278; Boyd v. State, Tex.Cr.App., 472 S.W.2d 125; Martinez v. State, Tex. Cr.App., 437 S.W.2d 842. Ground of error number two is overruled.

There is no reversible error, and the judgment of the trial court is, therefore, affirmed.

Approved by the Court.