

# NUMBER 13-12-00522-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

RUDY POMPA,                                                         Appellant,

v.

THE STATE OF TEXAS,                                                 Appellee.

## On appeal from the 24th District Court
## of DeWitt County, Texas.

# MEMORANDUM OPINION

### Before Justices Benavides, Perkes, and Longoria
### Memorandum Opinion by Justice Perkes

Appellant Rudy Pompa appeals his conviction of one count of indecency with a child, a second – degree felony. *See* TEX. PEN. CODE ANN. § 21.11(a)(1) (West, Westlaw through 2013 3d C.S.). A jury found appellant guilty, and the trial court sentenced him to fifteen years in the Texas Department of Criminal Justice, Institutional Division. By

three issues, appellant argues: (1) one of the State witness's testified in violation of the Rule; (2) the State improperly presented evidence of extraneous offenses during the State's case-in-chief; and (3) testimony pertaining to an outcry statement violated Texas Rule of Evidence 404(b). *See* TEX. R. EVID. 404(b). We affirm.

## I. BACKGROUND

Appellant's wife babysat two minor girls, A.S. and R.N., while their respective parents were at work.[1] A.S.'s mother, Pamela Swain, was in a relationship and cohabitating with R.N.'s father. After approximately one year of this arrangement, A.S. told her mother that appellant had put his hand down her shirt and bra and squeezed her breast, and that appellant had put his hand into her pants and rubbed her genitals. A.S. further told her that appellant warned her not to tell anyone or that he would kill her. After hearing A.S.'s outcry, Swain then spoke with R.N., who stated that appellant had also inappropriately touched her breast. At the time of the offense, both A.S. and R.N. were nine years old.

Swain reported the outcry to the Texas Department of Family Protective Services (CPS), who conducted an investigation and interviewed the children.[2] CPS thereafter contacted law enforcement. Appellant was arrested and charged with one count of indecency with a child, A.S.

## II. VIOLATION OF "THE RULE"

By his first issue, appellant argues that the trial court erred by allowing the State's

---

[1] It is the policy of this Court to identify all child complainants only by initials.

[2] The CPS investigation's results were not revealed during trial, and no CPS caseworker or investigator testified during the trial.

investigator, John Schlinger, to testify at the punishment phase of the trial in violation of Rule 614 of the Texas Rules of Evidence.[3]

## A.    Standard of Review

"[T]he court's decision to allow testimony from a witness who has violated the Rule is discretionary."   *Minor v. State*, 91 S.W.3d 824, 829 (Tex. App.—Waco 2002, pet. ref'd) (citing *Bell v. State*, 938 S.W.2d 35, 50 (Tex. Crim. App. 1996)).   We review a trial court's decision to allow testimony from a witness who has violated the Rule under an abuse of discretion standard.   *Id.*; *see Guerra v. State*, 771 S.W.2d 453, 474–75 (Tex. Crim. App. 1988) (en banc).   Under this standard, we uphold the trial court's ruling so long as it was within the zone of reasonable disagreement and correct under any theory of law applicable to the case.   *Winegarner v. State*, 235 S.W.3d 787, 790 (Tex. Crim. App. 2007) (citations omitted).

## B.    Applicable Law

We perform a two-step analysis to determine whether the trial court abused its discretion in allowing a violation of the Rule.   *Minor*, 91 S.W.3d at 829 (citing *Loven v. State*, 831 S.W.2d 387, 399 (Tex. App.—Amarillo 1992, no pet.)).   The first step determines what kind of witness was involved.   *See Guerra*, 771 S.W.2d at 476.   The two categories of witnesses are:   (1) witnesses who have no connection with either the State's case-in-chief or the defendant's case-in-chief and who, because of a lack of personal knowledge regarding the offense, are not likely to be called as a witness; and (2) witnesses who have personal knowledge of the offense and who the party clearly

---

[3] TEX. R. EVID. 614, commonly referred to as "the Rule."

anticipated calling to the stand. If the witness is a category one witness, then the trial court does not abuse its discretion by allowing him to testify. *Id.* However, if the witness is a category two witness, we move to the second step in the analysis. *Id.* The second step determines: (1) whether the witness actually heard the testimony of another witness without court permission; and (2) whether the witness testimony contradicts the testimony of a witness he actually heard from the opposing side or corroborates the testimony of another witness he actually heard from the same side on an issue of fact bearing upon the issue of guilt or innocence. *Minor*, 91 S.W.3d at 829; *see Guerra*, 771 S.W.2d at 475. If both of the above criteria are met, then the trial court abused its discretion. *Minor*, 91 S.W.3d at 829.

## C.     Discussion

Schlinger is a category one witness. Prior to the presentation of any evidence, the State identified Schlinger as a possible *punishment* witness, rather than a witness for the State's case-in-chief. Schlinger only testified during the punishment phase of the trial. His testimony at punishment pertained to a statement that appellant's mother made to Schlinger about appellant performing a sex act with appellant's younger sister. Since appellant was not charged with committing a sexual act with his younger sister, Schlinger's testimony was only regarding an extraneous act for punishment purposes and not regarding appellant's guilt or innocence. Schlinger had no personal knowledge of the offense for which appellant was charged, and his testimony was unnecessary to the State's case-in-chief. Because Schlinger is a category one witness, the trial court did not abuse its discretion. *See Guerra*, 771 S.W.2d at 476; *see also Young v. State*, No.

4

01-03-00167-CR, 2004 WL 1119962, at *2 (Tex. App.—Houston [1st Dist.] May 20, 2004, pet. ref'd) (mem. op. on reh'g, not designated for publication). We overrule appellant's first issue.

### III.    EVIDENCE OF EXTRANEOUS ACTS

By his second issue, appellant argues that the trial court erred by allowing the State to present evidence of extraneous acts during its case-in-chief.   Appellant complains on appeal that the admission of the extraneous evidence violates Rules 403 and 404(b) of the Texas Rules of Evidence.  *See* TEX. R. EVID. 403, 404(b).  Specifically, appellant complains that the trial court abused its discretion by permitting the State to introduce the following extraneous evidence:   (1) appellant's alleged touching of R.N., through the testimony of both Pamela Swain and R.N., during the State's case-in-chief; (2) appellant's alleged touching of E.N., through the testimony of both Pamela Swain and E.N., during the State's case-in-chief; and (3) appellant's alleged sex with his younger sister, D.P., though the testimony of John Schlinger, during the State's punishment case.

### A.    Preservation of Error

Preservation of error is a systemic requirement that a first-level appellate court should ordinarily review on its own motion.  *See Archie v. State,* 221 S.W.3d 695, 698 (Tex. Crim. App. 2007) (citing *Jones v. State,* 942 S.W.2d 1, 2 n.1 (Tex. Crim. App. 2007)). As a prerequisite to presenting a complaint for appellate review, the record must show that the complaint was made to the trial court by a timely request, objection or motion, and that the trial court ruled on the request, objection or motion or that it refused to rule thereon.  *See* TEX. R. APP. P. 33.1(a).  In addition, the error alleged on appeal must

5

comport with the request, objection or motion submitted to the trial court. *Heidelberg v. State,* 144 S.W.3d 535, 537 (Tex. Crim. App. 2004) (legal basis of complaint raised on appeal cannot vary from that raised at trial).

To preserve error in admitting evidence, a party must object and obtain a ruling each and every time to the inadmissible evidence being offered or obtain a running objection. *Valle v. State*, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003); *Ethington v. State*, 819 S.W.2d 854, 858 (Tex. Crim. App. 1991) (en banc). An error in the admission of evidence is cured where the same evidence comes in elsewhere without objection. *Lane v. State*, 151 S.W.3d 188, 193 (Tex. Crim. App. 2004); *Valle*, 109 S.W.3d at 509; *see Brown v. State*, 457 S.W.2d 917, 919 (Tex. Crim. App. 1970) (objection to evidence is waived when same evidence is introduced by another witness without objection or by defendant's own witness, or when same evidence is elicited by defendant's own trial counsel).

## B.    Pamela Swain's Testimony

After opening statements, a bench conference was held wherein the State argued that appellant's counsel "opened the door to the other extraneous offenses and my first witness would be someone that would testify as to some of that and so I wanted to get a ruling from the court." During the short discussion that followed, the trial court stated that it agreed that appellant's counsel had opened the door by his comments that "this is a situation made up by Pamela Swain but [that] there's no physical evidence" and that she is not a credible witness, and that the charges are totally false.

During the State's case-in-chief, appellant's counsel initially objected to Swain's

testimony regarding R.N.'s outcry statement:

> Q.                     Okay. Now when you—when [R.N.] came in and talked to you, what did you talk to [R.N.] about?
>
> A.                     I asked her if anybody had ever touched her or done anything to her that they shouldn't do.
>
> Q.                     And did you get any names and suggestions as to who you were thinking about or what you were thinking about?
>
> A.                     No, sir.
>
> Q.                     What was her response?
>
> [DEFENSE COUNSEL]: Objection, hearsay, Your Honor. And not involved in this case, Your Honor.
>
> COURT: What is the exception, Counsel?
>
> . . . .
>
> [STATE]: Your Honor, this is outcry statement . . . .

During the lengthy bench discussion that followed, appellant's counsel solely complained that he had not been furnished with R.N's outcry statement, which the State disputed. At the end of the discussion appellant's counsel stated:

> [DEFENSE COUNSEL]: Your Honor, I don't recall seeing that but nonetheless even in that case she was summarizing and if he wants to ask specifically what she said, that's different. I'm not objecting to that. I'm objecting to her summary because I was not aware of any situation where [R.N.] was in the room with—when the statement was made when she first made her first statement. I have her statement that she made that and it's about an eight or nine page statement, but that—it's not—I don't have that, Your Honor, so I didn't see it in there so I just want him to ask her specific questions, not to summarize.

The court thereafter allowed the State to proceed with Swain's testimony.

While the record is unclear regarding which objection appellant was ultimately relying on, none of appellant's objections refer to a violation of Rules 403 or 404(b), and appellant's only specific objection is his hearsay objection, which does not comport with his Rule 403 or 404(b) issues briefed on appeal. Therefore, appellant's Rule 403 and 404(b) complaints were not preserved for review with respect to Swain's testimony. TEX. R. APP. P. 33.1(a)(1); *see Heidelberg,* 144 S.W.3d at 537. Further, any error in the admission of Swain's testimony was later cured when the same evidence was introduced, without objection, through the testimony of R.N. *Lane*, 151 S.W.3d at 193; *Valle*, 109 S.W.3d at 509; *Brown*, 457 S.W.2d at 919.

## B.      Additional Extraneous Offense Testimony

Appellant further complains about the extraneous offense testimony given by R.N., E.N., and Schlinger. Appellant, however, failed to object at the time of their testimony at trial, and thereby failed to preserve any issue for review on appeal. *See* TEX. R. APP. P. 33.1(a); *Valle,* 109 S.W.3d 500 at 509. R.N. testified without objection during direct examination that appellant touched her breast. Appellant's counsel thereafter cross-examined R.N., who again repeated her testimony regarding the molestation. Similarly, another witness, E.N., testified without objection that appellant touched her inappropriately when she stayed the night with appellant and his family. In addition, Schlinger testified without objection during the punishment phase about an alleged sex act between appellant and his younger sister. Appellant has failed to preserve any error for review on appeal. *See Brown*, 457 S.W.2d at 919; *Valle,* 109 S.W.3d at 509.

We overrule appellant's second issue.

### IV. NOTICE OF OUTCRY STATEMENT

By his third issue, appellant argues the trial court erred by allowing testimony regarding R.N.'s extraneous outcry statement because the State allegedly failed to provide reasonable notice of its intent to use her testimony at trial.

### A. Applicable law

Rule 404(b), which governs the admissibility of extraneous crimes and other wrongs, states that:

> Evidence of other crimes, wrongs or acts is not admissible to prove the character or a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that *upon timely request by the accused* in a criminal case, reasonable notice is given in advance of trial of intent to introduce in the State's case-in-chief such evidence other than that arising in the same transaction.

TEX. R. EVID. 404(b) (emphasis added). To be effective, a request under rule 404(b) should be in writing and timely served on the prosecution. *Webb v. State*, 36 S.W.3d 164, 177 (Tex. App.—Houston [14th] 2000, pet. ref'd) (citing *Espinosa v. State*, 853 S.W.2d 36, 38 (Tex. Crim. App. 1993) (en banc)).

### B. Discussion

The record contains no evidence that appellant timely requested notice of extraneous offenses as required by Rule 404(b). *See* TEX. R. EVID. 404(b); *Webb*, 36 S.W.3d at 177. Because Rule 404(b) requires that a request be submitted by the accused to trigger the rule, and no such request was given, we hold that the trial court did not err in allowing the State to offer the extraneous offense evidence. *See Webb*, 36 S.W.3d at 179. We note, however, that even without the necessary timely Rule 404(b)

request, the State sent Swain's statement to appellant, indicating that R.N. made an outcry to Swain.[4]  Further, no objection was made at the time the testimony was presented, and appellant's counsel cross-examined R.N. regarding the molestation. *See* TEX. R. APP. P. 33.1(a); *Valle,* 109 S.W.3d 500 at 509.

We overrule appellant's third issue.

## V. CONCLUSION

We affirm the judgment of the trial court.

GREGORY T. PERKES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the 14th
day of August, 2014.

---

[4] Although there is some dispute in the record as to whether appellant received the outcry statement from the State, appellant offered no proof to rebut the State's certificate of service. *See Thomas v. Ray*, 889 S.W.2d 237, 238 (Tex. 1994).