JIMMIE L. POPHAM V. STATE.

No. 24668. March 8, 1950.
Rehearing Denied April 19, 1950.

530

*Sam L. Harrison, Joe Lee Hensley,* and *Leonard Brown,* San Antonio, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the State.

DAVIDSON, Judge.

Appellant was, upon his plea of guilty, convicted for the offense of assault with intent to rape, with punishment fixed at confinement in the penitentiary for three years.

The trial court, acting under and by authority of the Adult Probation and Parole Law, Chapter 452, Acts 50th Legislature, in 1947, Art. 781b, Vernon's C. C. P., suspended the imposition of that sentence and placed appellant upon probation.

Shortly thereafter, upon motion of the state and after hearing, the order of probation was revoked and sentence passed. It is from this order that appellant appeals.

Appellant presents various contentions as to why the trial court was without authority to revoke the probation. These are not discussed because we have concluded that the trial court was without authority, in the first instance, to place appellant upon probation.

Under Section 1 of the Adult Probation and Parole Law, district courts are expressly precluded from extending probation to one convicted of murder, rape, and "offenses against morals, decency, and chastity where the maximum punishment assessed

the defendant does not exceed ten (10) years imprisonment . . ."

The crime of rape having been expressly mentioned by name and the crime of assault with intent to commit that crime being so closely related thereto, the opinion is expressed that it was the intention of the legislature that such crime be included within the meaning of the term, "offenses against morals, decency, and chastity," as used in the statute.

Accordingly, we hold that the trial court was without authority to place appellant upon probation after conviction for the offense of assault with intent to rape, and that he did not err in revoking the unauthorized order of probation.

The judgment is affirmed.

Opinion approved by the court.

### ON APPELLANT'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

Appellant has filed a very ingenious argument presenting his contention that this court erred in holding that the offense of assault with intent to rape is an offense against morals, decency and chastity. The argument is based on the fact that in the codification of the laws, 1925, we have a title to a class of offenses which is designated as "Offenses Against Morals, Decency and Chastity," (this is Title No. 10 embracing Articles 490 to 524 of the Penal Code) ; and that in these articles there is no definition of the offense of assault to rape. The offense for which appellant was convicted is defined in a chapter under Title 15, being Article 1162 P. C.

The name of a title is merely a convenience for the purpose of classifying a number of offenses which the codifiers selected.

It has no force and effect whatsoever to exclude from that classification any offense other than those placed within it. Several of the offenses so classified and described under Title 10 are also offenses against the person and might well have been placed under Title 15. Murder is placed under the title of Homicide. It is also an offense against the person, but it is not found under that title. So are many offenses within more than one title. The offense of assault to rape, while primarily an of-

532

fense against the person, is also an offense against morals, decency and chastity.

We think the original opinion sufficiently discusses the case and appellant's motion for rehearing is overruled.