SHARRON HARTLEY V. STATE

No. 31,818. April 13, 1960

No attorney for appellant of record on appeal.

*Dan Walton,* District Attorney, *Carl E. F. Dally, David Ball,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

On October 2, 1959, appellant was convicted upon her plea of guilty in Criminal District Court No. 3 of Harris County for the unlawful possession of a narcotic drug in violation of Art. 725b, V.A.P.C. and her punishment assessed at confinement in the penitentiary for 3 years.

Execution of sentence was deferred and appellant was placed upon probation upon certain terms and conditions.

On October 22, 1959, the state, through her assistant district attorney, filed a motion to revoke the probation which alleged that contrary to the appellant's sworn testimony that she was eligible for probation she had been convicted in the Criminal District Court No. 3 of Dallas County, on January 26, 1959, upon a plea of guilty to the offense of altering a narcotics prescription and had received a two year probated sentence.

On November 10, 1959, after notice and hearing, in which it was shown that appellant had been previously convicted in Criminal District Court No. 3 of Dallas County as alleged in the state's motion, the court entered his order finding the original order granting probation void and imposing sentence upon appellant.

From such order appellant prosecutes this appeal.

The question thus presented is whether the court was authorized to revoke the probation and impose sentence upon the appellant upon a finding that she had been previously convicted of a felony.

It should be first noted that we are not here dealing with the question of the court's authority to grant and revoke a suspended sentence under the provisions of Articles 776-779, V.A.C.C.P. but with the granting and revoking of a probation under the provisions of the Adult Probation and Parole Law. Art. 781d, V.A.C.C.P. Nor are we dealing with a conviction under Art. 725c, V.A.P.C. for being a narcotic addict which provides that upon such a conviction probation may be granted notwithstanding that the defendant may have been previouely convicted of a felony.

The court's power to grant probation in this state is found in Sec. 3 of the Adult Probation and Parole Law, Art. 781d, V.A.C.C.P. which provides in part as follows:

"Sec. 3. The courts of the State of Texas having original jurisdiction of felony criminal actions, when it shall appear to the satisfaction of the court that the ends of justice and the best interests of the public as well as the defendant will be subserved thereby, *shall have the power, after conviction or a plea of guilty for any felony crime or offense except murder, rape, and offenses against morals, decency, and chastity, where the maximum punishment assessed the defendant does not exceed ten years imprisonment, and where the defendant has not been previously convicted of a felony,* to suspend the imposition or the execution of sentence and may place the defendant on probation for the maximum period of the sentence imposed * * * "

Under such provision of the statute it clearly appears that the power of the courts to suspend the imposition of sentence and place an accused on probation is "where the defendant has not been previously convicted of a felony." In Dunn v. State, 159 Tex. Cr. R. 520, 265 S.W. 2d 589 it was specifically pointed out that by reason of this provision of the statute the Adult Probation and Parole Law was never intended by the Legislature to authorize probation in two cases to the same accused.

In Popham v. State, 154 Tex. Cr. R. 529, 228 S. W. 2d 857,

the authority of a trial court to revoke a probation which had been granted upon a conviction for an offense for which probation was not authorized under the statute was upheld. In so holding it was stated that since the court was without authority to grant the probation he did not err in revoking the unauthorized order.

In the instant case the court was without authority to grant probation to appellant because of her prior conviction for a felony in Dallas County. Being without such authority the court did not err in revoking the order granting probation and imposing sentence upon appellant.

The judgment is affirmed.

Opinion approved by the Court.