**Dr. Earl F. TRITT, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 36719.

Court of Criminal Appeals of Texas.

April 8, 1964.

Rehearing Denied May 27, 1964.

Second Motion for Rehearing Denied June 24, 1964.

Fred A. Semaan, San Antonio, Charles W. Tessmer and Emmett Colvin, Jr., Dallas (on appeal only), for appellant.

James E. Barlow, Dist. Atty., San Antonio, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

Appellant, on January 14, 1963, entered a plea of nolo contendere to an indictment for abortion and was assessed a term of four years in the penitentiary.

On February 14, 1963, the court ordered the imposition of sentence suspended and placed appellant upon probation upon certain terms and conditions, among them being that he "1. Neither commit nor be convicted of any offense against the laws of the State of Texas, any other State or of the United States * * *."

On September 25, 1963, a motion was filed by the district attorney to revoke the probation, in which it was alleged (1) that on or about the 18th day of September, 1963, the appellant did with the consent of Emma Solis, a pregnant woman, produce an abortion of the said Emma Solis, and (2) on or about the 18th day of September, 1963, the appellant did attempt to produce an abortion on Emma Solis, a pregnant woman, in violation of the penal laws of the State of Texas and in violation of the conditions of said probation.

After notice and hearing, an order was entered by the court revoking the probation upon a finding that the evidence adduced sustained the allegation in the state's motion to revoke in that on or about the 18th day of September, 1963, the appellant did violate the terms and conditions of his probation by committing an offense against the penal laws of this state. Sentence was thereupon pronounced upon appellant.

From such order and sentence, appellant prosecutes this appeal.

At the hearing, the witness Emma Solis testified that in August, 1963, she went to a physician in San Antonio and had a pregnancy test made. Later, in September, she went to appellant's office and told him she had missed a period, that she had two girls, and was in the process of getting a divorce and did not want to be pregnant. Appellant stated that he would help her, gave her a shot, and told her to come back. In about a week she returned and appellant gave her some more shots and told her to return the next day. When she returned the next day, appellant gave her more shots. She was then placed on a table and put to sleep and while "in the middle of being drowsy I felt something real cold * * * In my vagina

* * * Something like steel," and when she woke up she was bleeding from her vagina. She stated that she then left and returned that evening, when appellant gave her some pills for pain. The next day she returned to appellant's office and he told her she needed an "operation right away." She then sent for her brother, who came and took her to Dr. Carl Goeth, who, after examining her, sent her to the Baptist Memorial Hospital, where she was operated upon. The witness stated that she paid appellant $50 for his services and that when she left his office the last time appellant told her not to tell anyone she had been to him and if she did she would be in trouble.

Dr. Carl F. Goeth testified that he saw Mrs. Solis at his office on September 19, at which time she was complaining of severe abdominal pain, and after doing a pelvic and abdominal examination he sent her to a hospital and performed an operation upon her. Dr. Goeth testified that in the examination and operation he found dark blood passing from the mouth of the womb, which was open more than in a normal state. The opening was bruised and part of the opening scraped off. Upon opening the abdominal cavity a perforation of the uterus and a two-and-one-half-inch tear in the intestine were found. Dr. Goeth expressed his opinion that the cause of her condition was an improperly performed abortion which resulted in infection and peritonitis. He also stated that the patient's uterus was large enough to be a pregnant uterus and that on the right ovary there was a corpus luteum cyst, which is normal in early pregnancy. It was further shown that the serum pregnancy test or frog test that was made of Mrs. Solis's blood was positive, which was indicative of her pregnancy at the time she went to see appellant.

Appellant did not testify at the hearing but called, among other witnesses, a nurse in his employ who testified that on the occasion of Mrs. Solis's last visit to appellant's office she stated that she had not done anything to herself but that she had been to somebody on Buena Vista Street.

Mrs. Solis, called as a witness in rebuttal, denied that she had been to Buena Vista Street and had something done to her and denied having made any such statement at appellant's office.

■ We find the evidence sufficient to support the allegations in the state's motion that appellant, during the period of his probation, did perform an abortion upon Mrs. Solis, thereby violating the penal laws of this state and the terms of probation.

In revoking the probation, the court did not abuse his discretion.

The judgment is affirmed.

Opinion approved by the court.

On Appellant's Motion for Rehearing

McDONALD, Judge.

■ In his motion for rehearing the appellant presents the contention that abortion is an offense "against morals, decency and chastity" and that such offenses being excepted in the Adult Probation and Parole Law (Art. 781b, Sec. 3, Vernon's Ann.C.C.P.), the trial court was without authority to grant him probation.

The appellant having been granted probation and having violated the conditions thereof is in no position to complain that the trial court abused his discretion in revoking the order of probation and imposing sentence upon the judgment previously entered in which his punishment was assessed at 4 years in the penitentiary. Popham v. State, 154 Tex.Cr.R. 529, 228 S.W.2d 857; Hartley v. State, 169 Tex.Cr.R. 341, 334 S.W.2d 287.

Remaining convinced that the trial judge did not abuse his discretion in revoking probation, appellant's motion for rehearing is overruled.