**Billy Wayne BRANCH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45129.**

Court of Criminal Appeals of Texas.

March 22, 1972.

894 ■ ■

M. Garbriel Nahas, Jr., George T. Ellis, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Victor Driscoll, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

This is an appeal from an order revoking probation.

The appellant was found guilty of unlawfully possessing marihuana, after he entered a plea of not guilty before a jury. It was alleged and shown that the appellant had theretofore been convicted for the offense of possession of marihuana, the court assessed appellant's punishment at ten years imprisonment. Article 725b, Section 23, Vernon's Ann.P.C. On March 7, 1968, the appellant was granted probation by the court.

On April 26, 1971, after hearing the State's motion to revoke probation, the court found that the appellant, by possessing marihuana, had violated the condition of his probation that he would "commit no offense against the laws of this . . . State . . ." The court then entered an order revoking probation and sentenced the appellant.

Appellant complains the trial court abused its discretion in revoking probation because the evidence at the hearing to revoke probation was not sufficient to show that the appellant was guilty of the possession of marihuana as alleged in the State's motion to revoke probation.

There is in the record a conflict in the testimony offered by the State and by the appellant. The testimony offered by the appellant and his witnesses was before the trial court for its consideration. The court, as the trier of the facts, is the sole judge of the credibility of the witnesses and the weight to be given their testimony and may accept or reject all or any part of a witness's testimony. Nalls v. State, 476 S.W.2d 297 (Tex.Cr.App.1972); Aguilar v. State, 471 S.W.2d 58 (Tex.Cr.App.1971); Maddox v. State, 466 S.W.2d 755 (Tex.Cr. App.1971); Ellis v. State, 456 S.W.2d 398 (Tex.Cr.App.1970); Hulsey v. State, 447 S.W.2d 165 (Tex.Cr.App.1969).

Considering the evidence that supports the trial court's order and rejecting the other evidence as the trial court was authorized to do and apparently did do in view of the order revoking probation, we find the evidence sufficient to support the trial court's order.

Officer A. D. Weston and his partner Officer E. T. Yanchak, at approximately 9:35 p. m., received "a call over the radio to go to 3219 Liberty Road to check a disturbance." When they arrived at that address they did not find a disturbance but continued to investigate. They entered a lounge known as Phil's Place, located at 3220 Liberty Road, because they had been informed that the person causing the disturbance might be in that lounge. The lights were on in the lounge and the door was open. The officers walked in and the only person in the lounge was the appellant. He was standing behind the bar. He walked out from behind the bar as the officers walked into the lounge. In answer to a question by Officer Weston, the appellant said he was in charge and that the lounge was open for business. The officers walked around behind the bar to ascertain if there were exhibited there the license and permits required by law to operate the lounge. They saw an expired State liquor license. After inspecting the expired State permit, the officers noticed several bottles, believed to contain Robitussin Cough Syrup, under the counter and behind the bar. They also saw several empty gallon jugs of Robitussin Cough Syrup that "had a glaze on the inside like they had just been emptied out." The officers saw two brown paper bags near the Robitussin bottles. They looked inside the bags and saw plant-like substance they believed to be marihuana. The officers also found "there was a beer cooler in operation and it did have a large quantity of canned beer." The appellant started walking to the front door and the officers ordered him to come back and sit down.

A toxicologist and chemist testified that he had analyzed the contents of the paper bag found by the officers and found it contained 15.8 grams of marihuana.

The appellant testified and produced other witnesses who corroborated his testimony that he was employed to paint and redecorate the lounge. He testified that he had worked several hours each night for about three weeks in the lounge. The officers testified that they did not find any paint or materials to be used to redecorate the lounge.

The evidence is sufficient to support the trial court's findings that the appellant, who was the only one in the lounge and who told the officers that he was in charge, was in possession of the marihuana found by the officers.

The appellant also contends that the motion to revoke probation does not allege an offense in violation of the laws of this State. The State's motion to revoke probation alleged "that said [appellant] on or about March 31, 1970, committed the offense of possession of marihuana in Harris County, Texas." The appellant urges that the motion was insufficient because it did not allege that the possession of the marihuana was "unlawful." Even though better practice would dictate alleging the possession of the marihuana was "unlawful" the allegation was sufficient. Cook v. State, 467 S.W.2d 421 (Tex.Cr.App.1971).

The appellant also contends that the marihuana introduced into evidence was obtained in violation of his constitutional rights protecting him from unlawful search and seizure.

The State, in its brief, directs our attention to the record which shows that the objection now urged was not timely made. Thus, that contention is not properly before us for consideration. See Northcutt v. State, 478 S.W.2d 935 (Tex. Cr.App.1972); Slaughter v. State, 439 S. W.2d 836 (Tex.Cr.App.1969); LeBlanc v. State, 424 S.W.2d 434 (Tex.Cr.App.1968); Boykin v. State, 172 Tex.Cr.R. 652, 362 S. W.2d 328 (1962).

However, even had timely objection been made, it appears that the officers had the duty to make the search which produced the marihuana and that such search was not unreasonable. When the officers entered the lounge they were told by the appellant that it was open for business and he was in charge. The officers immediately ascertained that the proper licenses and permits required by law were not on display. Under these circumstances there was a violation of the law.

■ Compliance with the provisions of Articles 666-31 and 666-42, V.A.P.C., made it the duty of the officers to search for and take into their possession "all illicit beverages which the person so arrested has in his possession or on his premises." The finding and seizure of the marihuana under these circumstances were not unlawful. Cf. Hutchins v. State, 426 S.W.2d 235 (Tex.Cr.App.1968).

The appellant's last contention is that "Since the Adult Probation Act is not available to a person in a second or subsequent conviction under the Narcotic Drug Act (Article 725b, Section 23 of the Penal Code) that the court's granting probation was a nullity and appellant should be allowed to give notice of appeal to the Court of Criminal Appeals to review any errors made by the court at his original trial held on February 12 and 13, 1968."

■■ The appellant having been granted probation and having violated the conditions thereof is in no position to complain that the trial court did not have authority to grant probation. If the court did not have authority to grant probation, there is no error in its revocation. See Tritt v. State, 379 S.W.2d 919 (Tex.Cr.App.1964); Hartley v. State, 169 Tex.Cr.R. 341, 334 S.W.2d 287 (Tex.Cr.App.1960); Popham v. State, 154 Tex.Cr.R. 529, 228 S.W.2d 857 (Tex.Cr.App.1950).

It has been the consistent holding of this court that an appeal from an order revoking probation is generally limited to the determination of whether an abuse of discretion is shown to have been committed by the trial court in revoking probation. Briones v. State, 473 S.W.2d 39 (Tex.Cr. App.1971); Gonzalez v. State, 456 S.W.2d 53 (Tex.Cr.App.1970); Patton v. State, 450 S.W.2d 856 (Tex.Cr.App.1970); Wilkerson v. State, 395 S.W.2d 618 (Tex.Cr.App. 1965).

We find the trial judge did not abuse his discretion in revoking probation; the judgment is affirmed.

Opinion approved by the Court.

ROBERTS and ODOM, JJ., not participating.