Lloyd Gregory COLEMAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 68604.

Court of Criminal Appeals of Texas,
En Banc.

Oct. 6, 1982.

Rehearing Denied Nov. 24, 1982.

Louis Dugas, Jr., Orange, for appellant.

James S. McGrath, Dist. Atty. & John R. DeWitt, Asst. Dist. Atty., Beaumont, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S MOTION FOR REHEARING

ONION, Presiding Judge.

This appeal stems from a conviction of the misdemeanor offense of driving a motor vehicle upon a public highway while intoxicated. See Article 6701*l*–1, V.A.C.S. Punishment was assessed by the court at confinement in the county jail for seventy (70) days and at a fine of $50.00.

On original submission a panel opinion affirmed the conviction. See *Coleman v. State,* 632 S.W.2d 616 (Tex.Cr.App.1982). No motion for leave to file a motion for rehearing was timely filed and the mandate of this court issued. Subsequently a motion to withdraw the mandate was granted as well as appellant's belated motion for leave to file a motion for rehearing. This was done principally because appellant contend-

ed that the said panel opinion, in disposing of his second ground of error, relied upon the current version of Article 42.13, § 3d(a), V.A.C.C.P., which was not in effect at the time of appellant's plea of guilty and at the time of deferred adjudication. In this he was correct. See *Coleman v. State,* supra.

In his second ground of error appellant contended that the trial court committed reversible error in assessing a fine of $275.00 when placing him on deferred adjudication.

On September 12, 1979, appellant pleaded guilty before the court to the complaint and information. After hearing evidence and finding it substantiated appellant's guilt, the court deferred further proceedings without adjudicating guilt and placed appellant on "probation" for a period of one year subject to certain conditions pursuant to Article 42.13, § 3d(a), V.A.C.C.P., then in existence. One of the probationary conditions was that the appellant pay a fine of $275.00.

On May 15, 1980, the State filed its "Motion to Revoke Probation" (actually a motion to set aside the deferred adjudication and proceed to a determination of guilt). In said motion the State alleged the appellant committed (1) the offense of possession of marihuana on or about April 29, 1980; (2) the offense of public intoxication on or about April 29, 1980; and (3) failed on or about April 29, 1980 to abstain from the use or possession of drugs; and (4) failed on or about April 29, 1980 never to become intoxicated, etc., all in violation of his probationary conditions. It is observed that the motion to revoke probation does not allege the failure to pay the fine as a violation of the probationary conditions.

On February 20, 1981, the court, after a hearing on the revocation motion, set aside the deferred adjudication finding that the appellant had violated probation as set forth in allegations 1, 3 and 4 of the revocation motion, and proceeded to a determination of guilt on the driving while intoxicated charge. The failure to pay a fine did not

thus form the basis for the revocation of probation. Punishment was assessed at 90 days' confinement in the county jail. On February 20, 1981, judgment was entered and on the same date sentence was imposed.

Although it does not appear that the sentence was set aside, appellant filed a motion for new trial on February 27, 1981.[1] In said motion appellant contended, inter alia, that punishment assessed was invalid as it imposed only jail time and not a mandatory fine as required by Article 6701*l*–1, V.A.C.S. There does not appear to have been any action taken on said motion. However, on March 11, 1981, the court, apparently taking note of punishment complaint entered a judgment nunc pro tunc and a sentence nunc pro tunc in which the punishment was assessed at 70 days in jail and a fine of $50.00. Notice of appeal was given.

On original submission the panel in overruling appellant's second ground of error quoted from Article 42.13, § 3d(a), as follows:

"When in its opinion the best interest of society and the defendant will be served, the court may, after receiving a plea of guilty or a plea of nolo contendere, hearing the evidence, and finding that it substantiates the defendant's guilt, defer further proceedings without entering an adjudication of guilt and place the defendant on probation for a period as the court may prescribe, not to exceed the maximum period of imprisonment prescribed for the offense for which the defendant is charged. *The court may impose a fine applicable to the offense and require any reasonable terms and conditions of probation, including any of the conditions enumerated in Sections 6, 6a, and 6c of this Article.*" (Emphasis supplied as in panel opinion.)

In overruling appellant's contention that a fine (a part of the punishment) should not have been assessed, even as a probationary

condition when a determination of guilt had not been made or judgment entered, etc., the panel opinion noted the above quoted statute specially provided for the imposition of a fine and all reasonable conditions and terms of probation.

Appellant argues, and correctly so, that the above quoted statute was not enacted until 1981 and did not become effective until September 1, 1981, and thus was not in effect at the time of deferred adjudication on September 12, 1979. See Acts 1981, 67th Leg., p. 2263, ch. 544, § 1, effective Sept. 1, 1981.

Article 42.13, V.A.C.C.P., as amended in 1979 and in effect on September 12, 1979 reads in part:

"Sec. 3d(a). When in the opinion the best interest of society and the defendant will be served, the court may, after receiving a plea of guilty or a plea of nolo contendere, hearing the evidence, and finding that it substantiates the defendant's guilt, defer further proceeding without entering an adjudication of guilt and place the defendant on probation on reasonable terms and conditions as the court may require and for a period as the court may subscribe not to exceed the maximum period of imprisonment prescribed for the offense for which defendant is charged. However, upon written motion of the defendant requesting final adjudication filed within 30 days after entering such plea and the deferment of adjudication, the court shall proceed to final adjudication as in all other cases." (Acts 1979, 66th Leg., p. 1514, ch. 654, effective August 27, 1979.)

Appellant observes that this 1979 version of the statute, applicable to his case, does not specifically authorize the court to impose a fine at the time of the granting of deferred adjudication as the 1981 version does, and that when the 1979 version of said § 3d(a) is read together with the following

---

1. Neither the formal sentence nor any other part of the record before us reflects waiver of

the ten days in which to file a motion for new trial prior to the imposition of the sentence.

§ 3d(b)[2] that it is clear that punishment applicable to the case is not to be assessed until the deferred adjudication has been set aside and a determination of guilt has been made.

It is noted that the 1979 version of said § 3d(a), relied upon by the appellant, provides that the court in deferring adjudication may place the defendant "on probation on reasonable terms and conditions." The 1979 provisions as to deferred adjudication were engrafted onto the Misdemeanor Probation Law (Article 42.13, V.A.C.C.P.). Suggested conditions of probation as to deferred adjudication were not separately set out and designated as applying to deferred adjudication.

The conditions of misdemeanor probation were, however, set out in § 6, which reads in part:

"... Terms and conditions of probation may include but shall not be limited to the conditions that the probationer shall:

" * * *

"(8) pay his fine, if one be assessed, ...."

It might be argued that even though the 1979 version of said § 3d did not specifically authorize the imposition of a fine as a condition of probation when deferred adjudication is utilized, § 6 would permit the court to place a defendant "on reasonable terms" of probation including the imposition of a fine.

The State acknowledges that the court was possibly in error in assessing a fine as a condition of probation in a deferred adjudication situation.

We need not decide, however, whether the court, under the 1979 version of said Article 42.13, exceeded its authority for the error, if any, was not reversible error as contended by the appellant. The mere imposition of an unauthorized condition of probation, which is not utilized as the basis of a subsequent revocation of probation, cannot be used to set aside an otherwise valid conviction. Though the panel opinion quoted the wrong statute, appellant's contention is again overruled.

Appellant further complains of the disposition of his last ground of error by the panel opinion on original submission. In it he contends that Article 42.13, § 3d, V.A.C.C.P., is unconstitutional as the title and caption of Senate Bill 844 of the 66th Legislature in 1979 enacting the same was in violation of Article III, § 35 of the Texas Constitution providing that no bill shall contain more than one subject which shall be expressed in its title.

The panel opinion determined the ground of error was not properly presented for review for failing to comport with Article 40.09, V.A.C.C.P. *Kalmbach v. State,* 481 S.W.2d 151 (Tex.Cr.App.1972), was cited. *Kalmbach* held that grounds of error raised by a defendant in a supplemental brief which were not raised in the original brief were not properly presented for appellate review and would not be considered in the interest of justice. See Articles 40.09, §§ 9 and 13, V.A.C.C.P. Appellant misinterprets the holding because he calls attention to the last sentence of said § 9 of Article 40.09 to the effect that if the court can determine the contention from the arguments advanced it should be considered despite any generality and vagueness, etc. This was not the reason the ground of error was not reviewed.

It appears that appellant filed his original brief in the trial court in accordance with

---

2. Section 3d(b), as enacted in 1979, reads:

"Sec. 3d(b). On violation of a condition of probation imposed under Subsection (a) of this section, the defendant may be arrested and detained as provided in Section 8 of this article. The defendant is entitled to a hearing limited to a determination by the court of whether it proceeds with an adjudication of guilt on the original charge. No appeal may be taken from this determination. After an adjudication of guilt, the proceedings, *including assessment of punishment,* pronouncement of sentence, granting of probation, and defendant's appeal continue as if the adjudication of guilt had not been deferred." (Emphasis supplied.)

Article 40.09, supra. Subsequently the trial court permitted the appellate record to be supplemented and then gave the appellant 30 days to file an amended brief. Appellant filed such brief raising the ground of error now under consideration. It did not deal with the subject matter of the supplementation, and the panel opinion did not consider that it was timely raised.

■ Even if it can be argued that the ground of error is properly reviewable, appellant is in no position to complain about the affirmance of his conviction for driving while intoxicated. This is so because if the 1979 version of said § 3d of Article 42.13 was unconstitutional as appellant contends then there was no legal deferred adjudication procedure, the court was without authority to grant the same, and appellant cannot complain he was given the benefit of leniency in the form of deferred adjudication before the finalization of his D.W.I. conviction.

The first Adult Probation Law (Article 781b, V.A.C.C.P., 1925) permitted probation in misdemeanor cases. This practice was held unconstitutional, but the underlying convictions were held valid although the probations were not. See, e.g., *Rowe v. State,* 276 S.W.2d 296 (Tex.Cr.App.1955); *Gilderbloom v. State,* 160 Tex.Cr.R. 471, 272 S.W.2d 106 (1954); *Ex parte Hayden,* 152 Tex.Cr.R. 517, 215 S.W.2d 620 (1948); *Kaufman v. State,* 276 S.W.2d 306 (Tex.Cr.App. 1955); *Boult v. State,* 276 S.W.2d 815 (Tex. Cr.App.1955).

Further, in *Popham v. State,* 154 Tex. Cr.R. 529, 228 S.W.2d 857 (1950), it was held that the district court had no authority to place one convicted of assault with intent to rape on probation and thus did not err in subsequently revoking probation because the defendant was not eligible for probation in the first place. See also *Tritt v. State,* 379 S.W.2d 919, 921 (Tex.Cr.App.1964).

In *Hartley v. State,* 169 Tex.Cr.R. 341, 334 S.W.2d 287 (1960), it was held that a defendant was not eligible for probation under the existing law if he had been previously convicted of a felony, and a defendant so previously convicted could have his probation revoked on that ground as the court had no authority to place him on probation in the first place.

In *Branch v. State,* 477 S.W.2d 893, 896 (Tex.Cr.App.1972), it was held that if the court did not have authority to grant probation there was no error in its revocation. See also *Balli v. State,* 530 S.W.2d 123, 126 (Tex.Cr.App.1975), and cases there cited. *Tamez v. State,* 620 S.W.2d 586, 589 (Tex. Cr.App.1981).

We therefore need not consider appellant's contention that the title and caption of said S.B. 844 of the 66th Legislature was in violation of Article III, § 35 of the State Constitution.

Appellant's motion for rehearing is overruled.