Cecilio Beyna, Snyder, pro se.

Gene Ater, Odessa, pro se.

Tryon D. Lewis, Odessa, pro se.

Gary Garrison, Odessa, for respondents.

Before OSBORN, C.J., and WOODARD and KOEHLER, JJ.

**Cecilio BEYNA, Relator,**

v.

**Honorable Gene ATER, Judge, 70th, District Court and Honorable Tryon Lewis, Judge, 161st District Court, Respondents.**

**No. 08–90–00172–CR.**

Court of Appeals of Texas, El Paso.

July 11, 1990.

## OPINION

OSBORN, Chief Justice.

Relator seeks relief from a judgment which this Court reformed and affirmed resulting in his imprisonment on a conviction of aggravated assault by shooting the complainant with a deadly weapon. The original conviction was based upon a plea bargain which was to grant probation. We conditionally grant the Writ and direct the trial court to: (a) vacate the judgment, which we previously reformed and affirmed, and the order revoking probation and (b) order the Relator released to the sheriff's custody in order to answer to the information.

In November 1984, Cecilio Beyna waived indictment and entered a plea of guilty to an information which charged him with ag-

gravated assault with a deadly weapon. He entered into a plea bargain in which he was to receive a sentence of ten years' probation, a fine of $500.00 and make restitution in the amount of $600.00. The judgment recites "the Defendant, CECILIO BEYNA, is guilty of the offense of Aggravated Assault with a Deadly Weapon" and a sentence "by confinement in the Texas Department of Corrections for a term of ten (10) years, said term to be probated and by a fine of Five Hundred and No/100 Dollars ($500.00) . . . ."

In 1986, probation was revoked and Relator was sentenced to eight years' confinement. In an appeal to this Court, he asserted that the original judgment was void because the trial court could not grant probation pursuant to Tex.Code Crim.Pro.Ann. art. 42.12, sec. 3g(a)(2) (Vernon Supp.1990). This Court concluded there was no error with regard to the revocation of probation and relied upon the holdings in *Tamez v. State*, 620 S.W.2d 586 (Tex.Crim.App.1981); *Balli v. State*, 530 S.W.2d 123 (Tex.Crim. App.1975); *Branch v. State*, 477 S.W.2d 893 (Tex.Crim.App.1972); *Tritt v. State*, 379 S.W.2d 919 (Tex.Crim.App.1964); *Hartley v. State*, 169 Tex.Crim. 341, 334 S.W.2d 287 (1960) and *Popham v. State*, 154 Tex. Crim. 529, 228 S.W.2d 857 (1950). We reinstated the original sentence of ten years and deleted the granting of probation. *Cecilio Beyna v. State*, No. 08–86–00179–CR (July 8, 1987). There was no showing in that appeal that there had been a plea bargain in the original hearing, conviction and sentencing.

As part of the record in this original proceeding, Relator has filed the statement of facts from the 1984 hearing at which he waived indictment, pled guilty and as part of the plea bargain, received a probated sentence of ten years. He now contends that his plea was not voluntarily entered since this Court set aside the probation of his sentence. He urges that he is entitled to withdraw his plea if the State cannot carry out its part of the bargain, i.e., probation. The appropriate relief for failure to keep a plea bargain is either specific enforcement of the agreement or withdrawal of the plea, depending upon the circumstances of each case. *Joiner v. State*, 578 S.W.2d 739 (Tex.Crim.App.1979); *Shannon v. State*, 708 S.W.2d 850 (Tex. Crim.App.1986).

In *Ex parte Austin*, 746 S.W.2d 226 (Tex.Crim.App.1988) the Court concluded that where the defendant was not eligible for shock probation upon pleading guilty to attempted murder as the result of an affirmative finding of the use of a deadly weapon, that he was entitled to withdraw his plea. *See Ex parte Adkins*, 767 S.W.2d 809 (Tex.Crim.App.1989).

The State relies upon the holding in *Heath v. State*, 778 S.W.2d 208 (Tex.App.— Fort Worth 1989, PDRG) to support its argument that the Writ should be denied. In that opinion, the Court recognized a split of authority in this state as to the validity of an order revoking probation where the judgment granting probation was in violation of Tex.Code Crim.Pro.Ann. art. 42.12, sec. 3g(a). The Court concluded "that an appellant is barred from complaining on appeal about any defect in a court's probated sentence after he has accepted the benefits of a court's leniency." That holding followed the decision in *Trcka v. State*, 744 S.W.2d 677 (Tex.App.—Austin 1988, PDRR) which was issued a month before the opinion in *Ex part Austin*. In *Heath* there is no indication of a plea bargain and in *Trcka* no issue was raised as to an involuntary plea bargain, but that was the very issue decided in Austin.

We conditionally grant the Writ. The Respondents are directed to set aside the judgment of conviction and the order revoking probation in Cause No. B–16,552 in the 161st Judicial District Court, and to order the Relator released to the custody of the Sheriff of Ector County to answer the information in that cause.