COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.  2-05-035-CR

 

 

DAWN MICHELLE MAYES                                                     APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








This is an appeal from an
order revoking probation.  On August 16,
1996, a grand jury indicted Mayes for the offense of aggravated sexual assault
of a child under the age of fourteen.  On
February 3, 1998, Mayes entered a plea of not guilty to a three-count
indictment against her, and the case proceeded to trial by jury.  The jury found Mayes guilty of aggravated
sexual assault of a child and assessed her punishment at ninety years= imprisonment.  Mayes appealed
her conviction, and the court of appeals for the seventh district reversed
Mayes=s conviction.  On June 5, 2000,
in exchange for a plea bargain recommendation of ten years= deferred adjudication probation, Mayes entered a plea of not
guilty.  The trial court accepted the
plea and placed Mayes on deferred adjudication community supervision for a
period of ten years.

On October 25, 2004, the
State filed a petition to proceed to adjudication alleging that Mayes violated
the terms and conditions of her community supervision.  The trial court conducted a hearing on the
State=s petition.  Mayes pleaded Atrue but@ to two
allegations presented in the petition: missing one counseling session and
failing to complete the treatment program within the one-year term as required
by Judge Berry. 








At the hearing, the evidence
reflected that Mayes failed to report to one counseling session because she was
released from jail close to the same time that she was scheduled to attend
counseling.  Concerning the allegation of
failure to complete treatment within the required time, Mike Strain, the
psychoanalyst and treatment provider, testified that the sex offender treatment
program has no set time frame.  However,
he also stated that the trial courts typically impose a time frame on completion
of counseling.  He testified further that
Mayes was making progress in her treatment but that she had not completed the
treatment.  The court adjudicated Mayes=s guilt and sentenced her to thirty years in prison. 

In her sole issue on appeal,
Mayes argues that the harsh sentence imposed in this case reflects an abuse of
discretion in sentencing because her probationary violations were minimal, they
were fully explained to the court, and there was no additional punishment
evidence to support the court=s sentence.  A trial court's
decision to proceed with an adjudication of guilt is one of absolute discretion
and is not reviewable.  Connolly v.
State  983 S.W.2d 738, 740 (Tex. Crim.
App.1999).  However, because the issue in
this case concerns an abuse of discretion in sentencing and is an issue raised
after the determination of adjudication, this court has jurisdiction to review
Mayes=s issue.  See McGee v. State, 124 S.W.3d 253,
256 (Tex. App.CFort Worth 2003, pet ref=d).  








In this case, Mayes failed to
object to her sentence at the time it was imposed.  Further, she failed to raise the issue in her
motion for new trial.[2]
 To preserve a complaint for our review, a
party must have presented to the trial court a timely request, objection, or
motion that states the specific grounds for the desired ruling if they are not
apparent from the context of the request, objection, or motion.  Tex.
R. App. P. 33.1(a)(1); Mosley v. State, 983 S.W.2d 249, 265 (Tex.
Crim. App. 1998) (op. on reh=g), cert.
denied, 526 U.S. 1070 (1999). 
Further, the trial court must have ruled on the request, objection, or
motion, either expressly or implicitly, or the complaining party must have
objected to the trial court=s refusal to
rule.  Tex.
R. App. P. 33.1(a)(2); Mendez v. State, 138 S.W.3d 334, 341 (Tex.
Crim. App. 2004). 

Here, Mayes forfeited her
complaint on appeal because she did not object to the trial court=s sentence at trial.  See
Branch v. State, 477 S.W.2d 893, 895-96 (Tex. Crim. App. 1972) (holding
that the contemporaneous objection rule applies in appeals from orders revoking
probation), overruled on other grounds by Heath v. State, 817 S.W.2d 335
(Tex. Crim. App. 1991).  Accordingly, we
overrule Mayes=s sole
issue.

Having overruled Mayes=s sole issue, we affirm the trial court=s judgment.

 

 

BOB MCCOY

JUSTICE

 

PANEL B:   DAUPHINOT, WALKER, and MCCOY, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  January 19, 2006











[1]See Tex. R. App. P. 47.4.





[2]In
Mayes=s
motion for new trial following adjudication of guilt, she stated that A[t]he
verdict in this cause is contrary to the law and the evidence.@