MAYES V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-05-035-CR

DAWN MICHELLE MAYES APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

This is an appeal from an order revoking probation.
  On August 16, 1996, a grand jury indicted Mayes for the offense of aggravated sexual assault of a child under the age of fourteen.  On February 3, 1998, Mayes entered a plea of not guilty to a three-count indictment against her, and the case proceeded to trial by jury.  The jury found Mayes guilty of aggravated sexual assault of a child and assessed her punishment at ninety years’ imprisonment.  Mayes appealed her conviction, and the court of appeals for the seventh district reversed Mayes’s conviction.  On June 5, 2000, in exchange for a plea bargain recommendation of ten years’ deferred adjudication probation, Mayes entered a plea of not guilty.  The trial court accepted the plea and placed Mayes on deferred adjudication community supervision for a period of ten years.

On October 25, 2004, the State filed a petition to proceed to adjudication alleging that Mayes violated the terms and conditions of her community supervision.  The trial court conducted a hearing on the State’s petition.  Mayes pleaded “true but” to two allegations presented in the petition: missing one counseling session and failing to complete the treatment program within the one-year term as required by Judge Berry. 

At the hearing, the evidence reflected that Mayes failed to report to one counseling session because she was released from jail close to the same time that she was scheduled to attend counseling.  Concerning the allegation of failure to complete treatment within the required time, Mike Strain, the psychoanalyst and treatment provider, testified that the sex offender treatment program has no set time frame.  However, he also stated that the trial courts typically impose a time frame on completion of counseling.  He testified further that Mayes was making progress in her treatment but that she had not completed the treatment.  The court adjudicated Mayes’s guilt and sentenced her to thirty years in prison. 

In her sole issue on appeal, Mayes argues that the harsh sentence imposed in this case reflects an abuse of discretion in sentencing because her probationary violations were minimal, they were fully explained to the court, and there was no additional punishment evidence to support the court’s sentence. 
 A trial court's decision to proceed with an adjudication of guilt is one of absolute discretion and is not reviewable.  
Connolly v. State 
 983 S.W.2d 738, 740 (Tex. Crim. App.1999).  However, because the issue in this case concerns an abuse of discretion in sentencing and is an issue raised after the determination of adjudication, this court has jurisdiction to review Mayes’s issue.  
See McGee v. State
, 124 S.W.3d 253, 256 (Tex. App.—Fort Worth 2003, pet ref’d).  

In this case, 
Mayes failed to object to her sentence at the time it was imposed.  Further, she failed to raise the issue in her motion for new trial.
(footnote: 2) 
 To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion.  
Tex. R. App. P.
 33.1(a)(1); 
Mosley v. State
, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied, 
526 U.S. 1070 (1999).  Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court’s refusal to rule.  
Tex. R. App. P.
 33.1(a)(2); 
Mendez v. State
, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004). 

Here, Mayes forfeited her complaint on appeal because she did not object to the trial court’s sentence at trial.  
See Branch v. State
, 477 S.W.2d 893, 895-96 (Tex. Crim. App. 1972) (holding that the contemporaneous objection rule applies in appeals from orders revoking probation), 
overruled on other grounds by Heath v. State
, 817 S.W.2d 335 (Tex. Crim. App. 1991).  Accordingly, we overrule Mayes’s sole issue.

Having overruled Mayes’s sole issue, we affirm the trial court’s judgment.

BOB MCCOY

JUSTICE

PANEL B: DAUPHINOT, WALKER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  January 19, 2006

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
In Mayes’s motion for new trial following adjudication of guilt, she stated that “[t]he verdict in this cause is contrary to the law and the evidence.”